IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13 C 3117 |
| v. | ) | |
| | ) | Judge |
| SHORE COMMUNITY SERVICES, | ) | Magistrate Judge |
| INC., DBA SHORE ADULT SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991.

2. This court has jurisdiction pursuant to 42 U.S.C. §§ 2000e-5(e) and (f) and 28 U.S.C. §1331 and §1367.

3. Venue is proper in this court pursuant to 28 U.S.C. §1391, in that Shore Community Services Inc., is a company doing business in the Northern District of Illinois and under 28 U.S.C. §1331(b)(2) in that the events alleged below occurred in this District.

### Parties

4. Plaintiff Michael Hill is a resident of Chicago, Illinois. At all times relevant to this complaint he was employed by Shore Community Services Inc. (hereinafter "Shore") and worked at a facility located at 2525 Church Street, Evanston, Illinois.

5. Plaintiff Hill was an employee within the meaning of Title VII.

6. Defendant Shore is a business incorporated under the laws of Illinois, which does business in Evanston and Morton Grove, Illinois. The defendant is an employer within the meaning of 42 U.S.C. § 2000e(b). The defendant is engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

N/A
N/A

N/A
N/A

## Administrative Proceedings

7. Plaintiff filed a charge of discrimination alleging discrimination and retaliation with the Employment Opportunity Commission (440-2012-02827) on or about November 2, 2012.

8. Plaintiff received a Notice of Right to Sue from the EEOC on or about January 30, 2013.

## Facts

9. Shore hired Plaintiff as a direct support assistant and a driver in May 2008.

10. Plaintiff is a member of a protected class based on his race, black.

11. Shore provides programs for individuals with developmental disabilities, including vocational training, daytime supervision and residential care.

12. Shore operates adult-care facilities in Morton Grove and Evanston.

13. The Evanston facility cares for clients with more severe disabilities. Many of the clients at the Evanston facility are not able to feed themselves or use bathroom facilities unassisted.

14. The Morton Grove facility is primarily an employment-services center for individuals with less severe disabilities. The primary services provided at the Morton Grove facility are vocational evaluation, developmental training, supervised employment, and job placement.

15. The duties of direct support personnel at the Evanston facility are much more difficult and demanding than the duties of direct support personnel at the Morton Grove facility.

16. Employees at the Morton Grove facility are mostly engaged in supervision of clients who are fairly self-sufficient.

17. Employees at the Evanston facility have much more physically demanding work, which includes lifting individuals who cannot walk unaided, feeding clients, and assisting clients with using bathroom facilities.

18. Individuals throughout the management and staff of Shore refer to the Morton Grove facility as "The White Shore" and the Evanston facility as "The Black Shore."

19. This refers to the fact that nearly all of the support personnel employed at the Morton Grove facility are white, while nearly all of the support personnel employed at the Evanston facility are black.

20. Shore pays support personnel at the Evanston facility a lower hourly rate than support personnel at the Morton Grove facility.

21. Shore deliberately steers African-American applicants to the lower-paying and more strenuous jobs at the Evanston facility and white applicants to the better-paying and less strenuous jobs at the Morton Grove facility, regardless of the applicant's experience and qualifications.

22. As a direct result of this, Plaintiff and other African-American employees earned lower wages and performed more difficult work than their similarly situated white counterparts.

23. While employed at Shore, Plaintiff complained to his direct supervisor Missy Puls and the director of the Evanston facility Debbie Shulruf that black employees did not have opportunities for advancement within Shore and that black employees were not treated the same as white employees.

24. Shore did not take any action in response to Plaintiff's complaint.

25. Puls responded that if "you people took time to go to school" black employees would have better opportunities for advancement.

26. Plaintiff suffered a back injury in February 2012. As a result of this injury, Plaintiff was unable to continue performing the duties of a direct support person at the Evanston facility.

27. Plaintiff went on FMLA leave.

28. Shore terminated Plaintiff's employment on March 11, 2012—the same day his 12 weeks of FMLA leave expired.

29. Shore was inconsistent in application of its FMLA policies. White employees and employees who had not complained about discrimination were given leaves of absence longer than 12 weeks.

30. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, emotional distress, and other damages.

## COUNT I
### Title VII: Discrimination on the Basis of Race

31. Plaintiff realleges paragraphs 1 – 30 as if fully set forth herein.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant and award the following relief:

    A. Back pay;

    B. Reinstatement or front pay;

    C. Compensatory damages for future loss, emotional distress, pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

    D. Injunctive relief, including an order requiring Defendant to cease its discriminatory hiring, job assignment and compensation practices;

    E. Punitive damages;

    F. Plaintiff's cost of suit and attorney's fees; and

    G. Any further relief as this Court deems just.

## COUNT II
### Title VII: Retaliation

32. Plaintiff realleges paragraphs 1 –30 as if fully set forth herein.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant and award the following relief:

    A. Back pay;

    B. Reinstatement or front pay;

    C. Compensatory damages for future loss, emotional distress, pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

    D. Punitive damages;

    E. Plaintiff's cost of suit and attorney's fees; and

    F. Any further relief as this Court deems just.

**Plaintiff demands trial by jury.**

Respectfully submitted,


/s/ Adele D. Nicholas
*Counsel for Plaintiff*

Adele D. Nicholas
Law Office of Adele D. Nicholas
4510 N. Paulina St., 3E
Chicago, Illinois 60640
847-361-3869

5